COIRA *v.* ORTÍZ ET AL.

APPEAL from the District Court of Arecibo.

No. 783.—Decided April 3, 1912.

UNLAWFUL DETAINER BASED ON TENANCY BY SUFFERANCE—ESSENTIAL ALLEGATIONS OF COMPLAINT.—The only essential allegation of a complaint in unlawful detainer based on tenancy by sufferance is that the plaintiff is the owner of certain property or its usufructuary or is entitled to its occupancy or is the successor in interest of persons having such rights and that the defendant withholds its actual possession or enjoys the same by sufferance without paying any rental or other consideration.

ID.—SUFFICIENCY OF DESCRIPTION OF PROPERTY—POINTS OF COMPASS.—A complaint is held to be sufficient to identify a property when it states its superficial area, the ward and municipality in which it is located, the owners of adjoining properties, and the natural boundaries that divide it from the surrounding properties even though such description be not made by the points of the compass.

ID.—ALLEGATION OF OWNERSHIP—TITLE OF ACQUISITION.—In a complaint in unlawful detainer it is sufficient to allege the ownership of the property, stating that the plaintiff is the owner, it being unnecessary to specify the manner in which he acquired it, the character of the title held by him and whether it has been recorded, because these are matters of evidence and should not be included in the allegations.

ID.—DEMURRER—AMBIGUOUS AND UNCERTAIN COMPLAINTS.—The complaint in the case at bar is not uncertain or ambiguous on account of the fact that after alleging specifically that the plaintiff is the owner it afterwards states that he is entitled to the possession thereof, these words being superfluous and in no manner contradicting the foregoing allegation; because if the plaintiff is the owner of the property he has a title to the possession which he claims.

CONSOLIDATION OF ACTIONS — REDEMPTION — DISCRETION OF COURT. — An order granting or refusing a consolidation of actions rests in the sound discretion of the court and for that reason it will not be interfered with by this court unless a clear abuse of discretion is shown. An action of unlawful detainer cannot be consolidated with an action of redemption because they are distinct actions and require different modes of procedure.

The facts are stated in the opinion.

*Mr. Ramón Nadal Santa Coloma* for appellants.

*Mr. Félix Santoni* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco Coira filed in the District Court for the Judicial District of Arecibo a complaint of unlawful detainer against José del Carmen Ortiz and others, alleging that he was the owner and proprietor of two rural estates, which were described therein; he stated that he was entitled to the possession of said properties, and after the averment that the defendants withheld the material possession of the same with no title thereto, without his consent and against his will, and held them by sufferance, without paying any rental or other consideration whatever to their owner, the plaintiff, the complaint ended with the prayer that the defendants be ejected from said properties.

The defendants demurred to the complaint, which demurrer was overruled, as also a motion to join the action of unlawful detainer to another action of legal redemption.

The trial was then held, the plaintiff being the only one who introduced any evidence, none having been introduced by defendant, and the court rendered judgment sustaining the action of unlawful detainer and ordering the ejectment of the defendants.

The grounds for appeal adduced by the defendants and appellants are two only, to wit, the overruling of the demurrer and the denial of the joinder of the action.

The demurrer was based on the ground that the complaint did not allege facts sufficient to constitute a cause of action and that it was ambiguous and uncertain.

The mere reading of the complaint is sufficient to show that it alleged sufficient facts to constitute a cause of action.

The only essential averment of a complaint of unlawful detainer by sufferance is that the plaintiff is the owner of certain properties, or its usufructuary, or is entitled to its enjoyment, or is the successor in interest of such persons, and

that the defendant withholds its material possession or en-
joys the same by sufferance without paying any rental or
other consideration whatever.   Sections 1 and 2 of the act
establishing unlawful detainer proceedings.

Of course, in order to make the property specific it is nec-
essary to describe it in the complaint with the required cer-
tainty, so that in case of execution the judicial officer could
identify it, which is a requirement prescribed by section 125
of the Code of Civil Procedure, and it must be complied with.
The provisions of the Mortgage Law relative to the manner
of describing the properties mentioned in documents subject
to record have no application whatever to the manner in
which properties should be described in a complaint, because
said code and not that law controls the manner of pleading.

One of the properties having been described by its super-
ficial area, the *barrio* and the municipality in which it is
located, stating who are its adjoining owners and which are
the natural boundaries that divide it from the surrounding
properties, the complaint contains the necessary averment
to identify it, although the description was not made by car-
dinal points.

With regard to the allegation of ownership it is sufficient
to state, as was stated in the complaint, that the plaintiff is
the owner, it being unnecessary to specify how he acquired
the property, the character of title held by him, and whether
it has been recorded, because these are matters of evidence
and should not be included in the allegations.

Therefore, neither the manner in which the property men-
tioned was described nor the form of allegation of ownership
makes the complaint insufficient.   Nor is it made uncertain
or ambiguous by the fact that after alleging that the plain-
tiff is the owner it further states that he is entitled to the
possession thereof, because these words were superfluous and
did not in any manner contradict the foregoing allegation,
because if the plaintiff is the owner of a thing he has suffi-
cient title to claim the possession thereof.

We now come to the question relative to the denial of the court to join the action of unlawful detainer to another suit pending in the same court for legal redemption.

We may say that the order granting or refusing a joinder of actions rests in the sound discretion of the court, and for that reason it will not be interfered with by us unless a clear abuse of discretion is shown.

In view of this principle, without going any further, we might state that we should not revise that order, because no abuse of discretion has been alleged; but we want to say, nevertheless, that an action of unlawful detainer cannot be joined to an action of legal redemption because they are different and have different procedures.

The judgment rendered should, therefore, be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.